IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Criminal Action No. 8-mj-500 |
| ) | |
| William Robinson, ) | |
| ) | |
| Defendants. ) | |

AMBROSE, Chief District Judge

## MEMORANDUM ORDER OF COURT

Defendant has appealed his conviction and sentence for disorderly conduct at a V.A. facility, after a trial held in his absence and for which he was sentenced to pay a $250.00 fine.

Both Defendant and the Government agree to the following facts. Defendant had been informed at his initial appearance on September 26, 2008, that his trial would be held on November 5, 2008. On November 5, 2008, Defendant did not appear for his trial. The Government moved for a trial *in absentia*, defense counsel objected, and the Government's motion was granted. Defendant was found guilty of disorderly conduct and ordered to pay a fine of $250.00.

The defense has appealed this conviction and sentence asserting constitutional claims, insufficiency of the evidence, and violation of Federal Rule of Criminal Procedure 43. Because I find Defendant's Rule 43 argument to be dispositive, I will not address Defendant's other assertions.

In *Crosby v. U.S.*, 506 U.S. 255 (1993), the United State Supreme Court held that Rule 43 prohibits trial *in absentia* of a defendant who is not present at the beginning of trial. Additionally, the Court held that the list of situations set forth in Rule 43 when defendant's presence at trial is not required is exclusive. The Government does not argue that the situation which occurred here is a situation listed in Rule 43.

Rather, the Government argues that Defendant waived his presence knowingly and voluntarily relying predominantly on two Second Circuit cases. *U.S. v. Tortora*, 464 F.2d 1202 (2d Cir. 1972) predates *Crosby*. *Smith v. Mann*, 173 F.3d 73 (2d Cir. 1999), is a habeas case in which the court held that no trial *in absentia* may be held absent a knowing and voluntary waiver <u>and</u> a determination that public interest in proceeding outweighs the absent defendant's interest in attending the trial.

In the instant case, Defendant's very conduct at issue calls into question his capacity to knowingly and voluntarily waive his presence at trial. Additionally, the record does not indicate a determination of the necessity or public interest to proceed on November 5, 2008.

Because I find that Federal Rule of Criminal Procedure 43 was violated by the trial *in absentia*, Defendant's conviction is reversed and his sentence vacated.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge